1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
9                                AT SEATTLE

10   JAYAKRISHNAN K NAIR, et al.,              CASE NO. C19-1296 MJP

11                      Plaintiffs,            ORDER OF DISMISSAL: LACK OF
                                               SUBJECT MATTER
12        v.                                   JURISDICTION

13   CHANNA COPELAND, et al.,

14                      Defendants.

15

16        [F]ederal courts have an independent obligation to ensure that they do not
          exceed the scope of their jurisdiction, and therefore they must raise and
17        decide jurisdictional questions that the parties either overlook or elect not
          to press.
18

19   Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

20        This matter was originally filed on August 16, 2019.  Since its inception, the Court has

21   had misgivings about whether jurisdiction existed, but awaited the service of Defendants and

22   their appearance in the matter in hopes that the issue would be raised and addressed by briefing

23   on both sides.  While not all Defendants have been served, a sufficient number of parties have

24   made their appearance without the filing of a motion to dismiss or otherwise address the

jurisdictional flaws of this litigation, and the Court feels that further delay would only do a disservice to all concerned.

Having reviewed the record thoroughly, including all pleadings, declarations, and exhibits which have been filed up to this date, the Court rules *sua sponte* as follows:

IT IS ORDERED that this matter is DISMISSED with prejudice for lack of subject matter jurisdiction.

## Background

This litigation commenced with the filing of a motion for leave to proceed *in forma pauperis*, accompanied by a complaint and *ex parte* application for temporary restraining order. Dkt. No. 1. The IFP motion was denied (Dkt. No. 3), and a filing fee was paid. The application for an *ex parte* TRO was also denied and Plaintiffs were ordered to serve Defendants then meet and confer on a briefing schedule for their request for injunctive relief. Dkt. No. 5.

Plaintiffs responded by filing a "Petition to Terminate Guardianship." Dkt. No. 8. Plaintiffs also filed a second *ex parte* application for a TRO (Dkt. No. 11), which was denied with the same admonition as before. Dkt. No. 16. Following the filing by Plaintiffs of a Motion for Sanctions (Dkt. No. 22), the Court ordered a moratorium on further motions practice until the jurisdictional issue could be addressed. Dkt. No. 23.

A brief summary of the allegations of Plaintiffs' complaint is in order:

Plaintiffs are the children of Omana Thankamma, and the complaint asserts that the whole family are citizens of India – Plaintiffs reside both in the United States and in India; Omana, a resident of India, became disabled in 2014 while visiting in the U.S. In 2016, after suffering a stroke, she came under the full-time care of her son, Plaintiff Jayakrishnan. In 2018, following an investigation triggered by a suspected abuse report from a neighbor, Defendant

Department of Social and Health Services ("DSHS") removed Omana from the home and initiated guardianship proceedings. The proceedings resulted in a guardian (Defendant Channa Copeland) being appointed for Omana[1], and a Vulnerable Adult Protection Order (VAPO) being entered against Plaintiff Jayakrishnan which, while it did not exclude him from visitation, forbade him to remove his mother from any facility.

The complaint is a lengthy, 143-page document containing a highly detailed factual background with allegations of abuse, neglect, harassment, retaliation and malfeasance on the part of Defendants, culminating in 50 separate causes of action ranging from battery to racial discrimination to international treaty violations. The Court will not go into any of those details since they ultimately are irrelevant to the issue of whether jurisdiction exists in federal court to adjudicate Plaintiffs' complaints, a foundational question which must be answered in the negative.

## Discussion

The allegations of this lawsuit fall squarely within the Rooker-Feldman doctrine.

The *Rooker-Feldman* doctrine states that federal courts, other than the Supreme Court, do not have jurisdiction to review decisions of state courts in civil cases. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). The doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). *Rooker-Feldman* is inapplicable, however, when the alleged injury is distinct from the judgment.

---

[1] A review of the guardianship decree indicates that it was entered into by stipulation of all parties.

Johnson v. Orr, 551 F.3d 564, 567-68 (7th Cir. 2008).

The Johnson case is particularly applicable to the matter before the Court as the Plaintiff/Appellant in that case (1) also agreed to the imposition of the state court order which he later attempted to rescind in federal court and (2) also characterized the post-judgment conduct of which he complained as violations of his federal constitutional rights. The Seventh Circuit addressed both of those aspects of his complaint:

> It is of no consequence that Mr. Johnson's complaint does not challenge specifically the agreed order. Nor is it relevant that he has characterized his grievance as a civil rights claim. To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir. 2000) (looking to the substance of the plaintiff's claim to determine whether *Rooker-Feldman* applies). "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Holt*, 408 F.3d at 336 (internal quotation marks and citation omitted). Mr. Johnson's injury--the County's refusal to issue him a tax deed--was caused by the agreed order. He cannot avoid the *Rooker-Feldman* bar by alleging that he suffered this injury as a result of violations of his constitutional rights.

Id. at 568 (emphasis in original).

Plaintiffs are in exactly the same posture. Everything of which they complain and which they are asking the federal court to redress springs from the imposition of the agreed-upon decree of guardianship and the accompanying VAPO. They, too, assert their injuries as violations of their constitutional rights and federal treaties (as well as various state statutes that are clearly the domain of the state courts).

Plaintiff Jayakrishnan argues that "Plaintiffs are NOT herein appealing any decision by the State Court" (Dkt. No. 19, Reply at 12), but all the alleged violations and injuries are the result of Omana's status under the guardianship decree and the restrictions placed on him by the VAPO – unquestionably the result of state court orders. Plaintiffs further assert that "[t]he

present petition to terminate the guardianship is a brand new action pursuant to RCW

11.88.140(3)" (id.),  apparently missing the irony of invoking a state statute to justify their

presence in federal court (not to mention that any attempt to terminate a state court order falls

squarely within the <u>Rooker-Feldman</u> doctrine).  The remainder of their briefing alleges

jurisdiction based on other state statutes and does nothing to advance their cause.

      In seeking relief from the consequences of the decisions of the state court, Plaintiffs have

placed themselves outside the jurisdiction of the federal courts.  It is immaterial that they have

alleged a variety of constitutional violations and other federal law infringements; this court has

no subject matter jurisdiction where the injury Plaintiffs seek to redress derives from the actions

of the state court.  The remedy for the wrongs alleged by Plaintiffs is in state court, not in the

Western District of Washington.

      On its own motion, this Court orders the matter DISMISSED with prejudice for lack of

subject matter jurisdiction.


      The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated September 24, 2019.

Marsha J. Pechman
United States Senior District Judge