UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHANNA COPELAND, et al.,<br><br>Defendants. | CASE NO. C19-1296 MJP<br><br>ORDER ON<br>1. MOTION FOR RECONSIDERATION<br>2. MOTION TO TERMINATE GUARDIANSHIP, ETC. |

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Petition to Terminate Guardianship, Reinstate Insurance Nunc Pro Tunc, and Return Marshalled Assets (Dkt. No. 7), Response by Defendant Channa Copeland (Dkt. No. 17), and Plaintiffs' Reply (Dkt. No. 18);

2. Plaintiffs' Motion for Reconsideration (Dkt. No. 26);

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion for reconsideration is GRANTED insofar as the Order of Dismissal previously entered will be withdrawn and the case will be reopened.

ORDER - 1

IT IS FURTHER ORDERED that Plaintiffs' Petition to Terminate Guardianship, Reinstate Insurance Nunc Pro Tunc, and Return Marshalled Assets is DENIED.

**Discussion**

**1. Withdrawal of the Order of Dismissal**

Concerned that Plaintiffs' lawsuit, which revolves around a series of events surrounding a state court guardianship instituted over an elderly and disabled family member, had been brought in violation of the Rooker-Feldman doctrine, the Court entered a *sua sponte* dismissal of this matter (and a related matter which is the subject of a separate order; *see* In re: The Guardianship of Omana Thankamma, C19-1307MJP, Dkt. No. 12) on September 24, 2019. (*See* Dkt. No. 24.)

The Court's concerns about the applicability of Rooker-Feldman remain – a significant portion of this lawsuit represents an attempt to undo the results of a state court proceeding over which this Court has no jurisdiction, and to redress injuries alleged to have resulted from that proceeding. Additionally, the Court doubts that Plaintiffs' assertion of diversity jurisdiction in this matter is meritorious (see discussion below). However, the Court also believes that the interests of justice would be better served by an adjudication of these issues which permits all sides to present their position prior to a final determination.

To that end, the Court will withdraw the previously-entered dismissal and reopen the case. Plaintiffs are directed to complete service on all named defendants; to date, of the ten defendants listed in the complaint, only three (Channa Copeland, Dr. Hahn, and Harborview Medical Center) have been served. Complete adjudication of this case is not possible without the presence of all defendants, not to mention that (as discussed below) Plaintiffs are currently seeking rulings on issues involving defendants who have not been served or appeared.

On September 17, 2019, the Court issued a minute order requiring Plaintiffs to cease filing motions until further order of the Court. (Dkt. No. 23.) That order will remain in effect until all Defendants have been served. Plaintiffs will direct their efforts to completing service on the remaining unserved Defendants.

The Court, in its (now withdrawn) Order of Dismissal, has expressed its concerns about the application of the Rooker-Feldman doctrine; the Plaintiffs disagree about whether Rooker-Feldman applies to their allegations, as is their right. Additionally, Plaintiffs have asserted diversity jurisdiction as the basis for their ability to prosecute their claims in federal court (*see* Dkt. No. 4, Complaint at 24), citing their citizenship in India as establishing the requisite diversity. Plaintiffs misunderstand the test for diversity jurisdiction; it is not enough that they are citizens of a foreign nation. The diversity jurisdiction statute states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> * * *
>
> **(2)** citizens of a State and citizens or subjects of a foreign state, *except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State…*

28 USCS § 1332(a)(emphasis supplied).

Plaintiff Jayakrishnan asserts that he is a permanent resident of the United States (Complaint at 26); complete diversity between Plaintiffs and Defendants is required, and it clearly does not exist here.[1]

---

[1] The Court understands that Plaintiffs also assert "federal question" jurisdiction (Complaint at 24); the validity of that claim awaits a final determination of whether Plaintiffs' federal claims survive a Rooker-Feldman analysis.

The Court is further concerned that a number of Plaintiffs' causes of action are clearly brought, in whole or in part, on behalf of Omana Thankamma, Plaintiff Jayakrishnan's mother and the subject of the guardianship proceeding Plaintiffs are challenging by way of this lawsuit. Plaintiffs lack standing to sue on Omana's behalf. Her affairs are being handled under a guardianship order with a duly-appointed guardian (Defendant Channa Copeland). Under state law, "when there is a guardian of the estate, all actions between the incapacitated person or the guardian and third persons… shall be prosecuted by or against the guardian of the estate as such. The guardian shall represent the interests of the incapacitated person…" RCW 11.92.060.

Finally, the Court notes that nearly half of the 50 causes of action asserted by Plaintiffs in this litigation arise out of state law. Even in the event that one or more of Plaintiffs' federal causes of action survive the motions to dismiss, the exercise of this Court's jurisdiction over state law claims remains purely discretionary.

**2. Petition to terminate guardianship, reinstate insurance *nunc pro tunc*, and return marshalled assets**

The reopening of this case requires the Court to visit Plaintiffs' one motion which remains outstanding: a "Petition to Terminate Guardianship, Reinstate Insurance Nunc Pro Tunc, and Return Marshalled Assets" (Dkt. No. 7). It was fully briefed at the time the case was terminated, but never ruled upon because it was pre-empted by the dismissal.

The motion will be DENIED. Regarding the "Petition to Terminate Guardianship," the request runs squarely afoul of the Rooker-Feldman doctrine, which prohibits federal courts (other than the Supreme Court) from reviewing the decisions of state courts in civil cases. *See*

Exxon Mobil Corp. v. Saud Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). A guardianship is a state court order in a civil case; this Court is without jurisdiction to "terminate" that order.

Regarding the motions to reinstate insurance *nunc pro tunc* and return marshalled assets, both requests concern the actions of Defendants who have neither been served nor appeared in this lawsuit (Moline Healthcare, Inc., and the Department of Social & Health Services[2], respectively). No enforceable decision can be made in the absence of those necessary parties.

**Conclusion**

The Order of Dismissal previously entered is withdrawn and the case is reopened. Plaintiffs are directed to serve the remainder of the Defendants in this matter; Defendants appearing in this matter will then have the ability to bring forward any motions they believe are applicable to jurisdiction or standing of the Plaintiffs, and the Court will again have the opportunity to examine what, if any, portion of this case the Court has jurisdiction over. Of course, the Court retains its authority and obligation to determine the issue of jurisdiction *sua sponte* at any time.

The Petition to Terminate Guardianship, Reinstate Insurance Nunc Pro Tunc, and Return Marshalled Assets is DENIED.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated October 3, 2019.

Marsha J. Pechman
United States Senior District Judge

---

[2] The Court understands that Plaintiffs are alleging that Defendant Copeland was responsible for the seizure of the assets in question, but Ms. Copeland is being sued in her capacity as guardian and in that capacity is under the supervision of the Department of Social & Health Services, which is a necessary party to any determination of the disposition of assets seized pursuant to the guardianship order.