# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JAYAKRISHNAN K NAIR, et al.,

    Plaintiffs,

v.

CHANNA COPELAND, et al.,

    Defendants.

CASE NO. C19-1296 MJP

CASE NO. C19-1307 MJP

ORDER ON MOTIONS FOR FEES AND COSTS

The above-entitled Court, having received and reviewed Defendant Channa Copeland's Motions for Attorneys' Fees and Costs (Dkt. No. 30)[1], all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED as to both causes of action.

---

[1] Plaintiffs filed on response to this motion on November 4, 2019; fourteen days after a responsive pleading was due under the Local Rules (*see* LCR 7(d)(3)) and ten days after the motion noted. The response is stricken as untimely and was given no consideration in the Court's ruling.

CASE NO. C19-1307 MJP - 1

**Discussion**

Defendant Copeland filed this motion the day after the Court granted Plaintiffs' motion for reconsideration as to Case No. C19-1296, withdrew its *sua sponte* dismissal and reopened the case. (Dkt. No. 29.) She seeks attorney's fees and costs in two matters before this Court in which she is currently a defendant (C19-1296 and C19-1307[2]). Defendant's motion chronicles a history of threatening and abusive behavior and questionable litigation tactics by Plaintiff Jayakrishnan Nair stretching from August 2018 to the present. (*See* Motion, Statement of Facts, pp. 5-9.) While the Court is not without some sympathy for the travails of a *pro bono* Guardian ad Litem who has been subjected to extraordinary demands in the course of fulfilling her duties, that does not translate to an entitlement to fees and costs at this point in this litigation.

The Court will analyze the motion separately for each of Defendant's two cases.

**C19-1296: Nair et al. v. Copeland et al.**

This case is still ongoing, and Defendant's request must be analyzed in that light. The result is that some of her claims of entitlement to fees and costs are untimely; others are simply not supported by the statutory requirements. Defendant asserts her right to reimbursement of fees and costs under the following statutes and procedure rules:

- **28 USC § 1447(c)**: This statute concerns the right to attorney fees in removal matters, and only applies to orders of remand. C19-1296 is not a case which was removed from state court, neither was it remanded to state court.

- **FedRCivP Rule 11**: This rule requires that any motion for sanctions be filed separately from any other motion (*FRCP 11(c)(2)*), which was not done in this instance.

---

[2] C19-1307 has been closed; the Court denied the motion for reconsideration of its dismissal of that matter. *See* C19-1307, Dkt. No. 12.

- **FedRCivP Rule 68**: This procedural rule applies to offers of judgment. Although an offer of judgment was made in C19-1296, the matter is still open and Plaintiff did not accept the offer, so the rule is not (yet) applicable to this case.

- **28 USC § 1927**: This is the one statute which arguably might support Defendant's request for an award of fees and costs; it permits an award of fees and costs against anyone who "multiplies the proceedings in any case unreasonably and vexatiously." It appears from the case law that courts have applied this statute against an offending party during the pendency of the litigation, except at the outset (on the rationale that the filing of a complaint in and of itself cannot operate to "multiply" the proceedings; *see, e.g.,* Jensen v. Phillips Screw Co., 546 F.3d 59, 65 (1st Cir. 2008)).[3]

However, while the Court understands that Defendant Copeland has a long and arduous history with Plaintiff, and might well believe that he has unreasonably and vexatiously multiplied the various proceedings in which they have been jointly involved, the Court must confine itself to the proceedings within this particular lawsuit in applying the statute. A review of those proceedings indicates that, while Plaintiff himself has filed a multitude of motions of questionable merit, Defendant has only been required to respond substantively to one of them (*see* Dkt. No. 17, Defendant Channa Copeland's Answer and Affirmative Defenses). Under those circumstances, it cannot be said that she qualifies for relief under § 1927 as regards this litigation in its current posture.

Based on the foregoing reasoning, the Court must conclude that Defendant Copeland is not presently entitled to an award of costs and fees in Case No. C19-1296.

---

[3] *See, e.g.,* De Dios v. Int'l Realty & RC Invs., 641 F.3d 1071 (9th Cir. 2011); Smith v. Psychiatric Solutions, Inc., 750 F.3d 1253 (11th Cir. 2014).

**C19-1307: In the Matter of the Guardianship of Omana Thankamma**

Like C19-1296, the Court dismissed this matter *sua sponte* on September 24, 2019, based on an absence of subject matter jurisdiction. (C19-1307, Dkt. Nos. 8 and 9.) Unlike the preceding case, however, the Court denied Plaintiff's motion for reconsideration (Dkt. No. 12), and the matter remains dismissed with prejudice. However, as will be seen from an analysis of Defendant's various bases for requesting relief, Defendant is not entitled to an award of fees and costs in this matter, either.

- **28 USC § 1447(c)**: This statute concerns the right to attorney fees in removal matters, but only applies to orders of remand. C19-1307 was simply dismissed outright; there was no order remanding the case back to state court.

- **RCW 11.96A.150**: This is a state statute which applies only to fees granted in guardianship matters. Defendant argues that, since Plaintiff tried to remove a guardianship proceeding to federal court, this statute applies, but the Court does not accept that rationale. In dismissing the matter *sua sponte,* the Court specifically rejected the idea that there was any jurisdiction pursuant to Washington State guardianship statutes. (Dkt. No. 8, Order at 4-5.) The dismissal was based on federal law relating to subject matter jurisdiction, not on the exercise of any authority under state guardianship law. This absence of jurisdiction certainly extends to fee awards under that same statutory scheme.

- **28 USC § 1927**: For much the same reasoning as cited *supra*, the Court cannot utilize this statute to award fees and costs to Defendant Copeland. Other than filing an appearance in the matter (and now this motion for attorneys' fees and costs), the party has not had to respond in any fashion to Plaintiff's motions in this lawsuit. It cannot be said that, as

regards Defendant Copeland, Plaintiff has "unreasonably and vexatiously" multiplied the proceedings within this litigation.

## Conclusion

While Defendant Copeland has failed to establish her entitlement to attorney fees and costs at this point in the litigation in which she has become involved, the Court nevertheless takes this opportunity to express its concern over the behavior exhibited by Plaintiff as chronicled in Defendant Copeland's declaration and exhibits. While the Court understands that this is a volatile matter touching on the concerns of a family for their aged and invalid mother, abusive conduct by any party[4] will not be tolerated, including abuse of the legal system by means of frivolous or vexatious motions or discovery practice. While Defendant Copeland has not established her right to fees and costs by virtue of unreasonable and non-meritorious litigation tactics at this point, that is not to say that continued activity in that regard by Plaintiffs will not qualify her for such reimbursement at a later date.

For now, however, the Court must deny her motion for the reasons stated above.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 14, 2019.

Marsha J. Pechman
United States Senior District Judge

---

[4] The Court is well aware that Plaintiff himself has his own lengthy list of alleged abuses suffered by himself and his family.