|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| JAYAKRISHNAN K. NAIR, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>CHANNA COPELAND, et al.,<br><br>                Defendants. | CASE NO. C19-1296 MJP<br><br>NOTICE OF PENDING DISMISSAL OF UNSERVED DEFENDANTS AND OF REQUIREMENT OF COMPLIANCE WITH LCR 10(F) |

FRCP 4(m) states:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order the service be made within a specified time.

The complaint in the above-entitled matter was filed on August 19, 2019. Dkt. No. 4. Since that date, affidavits of service of summons and complaints have been filed regarding three defendants: Dr. Andrew Hahn, Channa Copeland, and Harborview Medical Center. *See* Dkt. Nos. 13, 14, and 15.

NOTICE OF PENDING DISMISSAL OF UNSERVED DEFENDANTS AND OF REQUIREMENT OF COMPLIANCE WITH LCR 10(F) - 1

Even excluding the nine days during which this matter was dismissed (a decision which was later reconsidered, leading to the reinstatement of the action; *see* Dkt. No. 29), more than 90 days have elapsed since the filing of the complaint, and the following Defendants remained unserved:

1. John Does 1-2
2. Randy Wilson
3. The City of Snoqualmie
4. Molina Healthcare, Inc.

Plaintiffs are hereby placed on notice that, if proof of service on the remaining Defendants is not filed by **December 20, 2019**, the Court, in conformity with the dictates of FRCP 4(m), will order the dismissal without prejudice of those Defendants.

On November 14, 2019, the Court issued an order regarding a motion for attorneys' fees and costs, and mailed that order to the Plaintiffs at the address provided by them for that purpose. Dkt. No. 33. On November 27 and December 3, 2019, the mail addressed to Rajakumari Susheelkumar and Jayakrishnan K. Nair was returned as "undeliverable" – "Unclaimed/Unable to Forward." Dkt. Nos. 34 and 35.

LCR 10(f) states:

> Any attorney representing any party or any party not represented by an attorney must file a notice with the court of any change in address, telephone number or e-mail address. Such notice must be received by the Clerk's Office within ten days of the change. All subsequent pleadings, motions or other filings shall reflect the new address and telephone number. The address and telephone number of the party or its attorney, noted on the first pleadings, motions or other filings or as changed by individual notice, shall be conclusively taken as the last known address and telephone number of said party or attorney.

1 Plaintiffs (representing themselves *pro* se) are in violation of that rule. They are required to advise
2 the Court of any changes in address forthwith. Failure to update the Court on current address and
3 telephone number will result in sanctions, up to and including dismissal of the remainder of their
4 matter.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated: December 11, 2019.

Marsha J. Pechman
United States Senior District Judge