# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>CHANNA COPELAND, et al.,<br><br>               Defendants. | CASE NO. C19-1296 MJP<br><br>ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER |

The Court is in receipt of Plaintiffs' Application for Ex Parte TRO (Dkt. No. 40). Having reviewed the briefing, all related exhibits and declarations[1], and relevant portions of the record, the Court rules as follows:

IT IS ORDERED that the request for an *ex parte* TRO is DENIED.

---

[1] As this order was being prepared, Plaintiff Jayakrishnan Nair filed a new declaration with attached exhibits (Dkt. Nos. 45 and 45-1) – that filing is addressed in the body of this order.

**Discussion**

The Court considers four factors in examining Plaintiffs' request for a TRO: (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) the balance of equities, and (4) the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Mandatory injunctions, requiring an affirmative act from the nonmoving party rather than a cessation of conduct, present substantial challenges for the Court and the parties, and should be denied unless the facts and the law clearly favor the moving party. Stanley v. Univ. of S. California, 13 F.3d 1313, 1320 (9th Cir. 1994).

This is Plaintiffs' third attempt to obtain an *ex parte* restraining order against Defendants. As in previous attempts, they seek mandatory (as opposed to prohibitive) relief. The standard for such relief is extraordinarily high; as in their previous attempts, Plaintiffs fall far short of the required levels of proof.

Plaintiffs' requested relief takes several forms; they seek:

1. Authorization to make travel arrangements to return Omana Thankamma back to India;
2. An order prohibiting Defendants Copeland, Harborview and the Department of Social and Health Services ("DSHS") from interfering with family visits with Omana Thankamma;
3. A return of "[a]ny and all assets marshalled from Plaintiffs" by Defendants;
4. Rescission of a King County Superior Court judgment assessing attorney fees against Plaintiffs.

Dkt. No. 42, Proposed Order at 1.

The first three requests seek intervention by this Court in the ongoing guardianship proceeding concerning Omana Thankamma in King County. As this Court has made clear previously (*see* Dkt. No. 29, Order on Motion to Terminate Guardianship), Plaintiffs have not established adequate grounds for the intervention of a federal court in an ongoing state court proceeding. Additionally, it appears from the record that the parties in the state court proceedings have been directed to collaborate in the repatriation of Omana Thankamma; the intervention of an additional authority in that process is doubly unwarranted.

In a late-breaking development, following the filing of this third *ex parte* application for TRO, Plaintiff Jayakrishnan Nair filed an "Emergency Declaration" with attached exhibits indicating that his mother had recently been admitted to the ICU at Harborview. (Dkt. No. 45.) Although the Court regrets this unfortunate turn of events, it does not change the analysis above or alter the impropriety of this federal court interfering in an ongoing state proceeding. The Court notes that, in reading the letter from the Guardian's attorney (Dkt. No. 45-1, Exhibit A), it is apparent that Plaintiffs have it within their power (by following the state court orders and cooperating with the DSHS authorities, the Guardian, and their representatives) to accomplish much of what they are seeking from this Court; namely, an opportunity to visit with Ms. Thankamma and achieve her relocation to her native land.

Finally, on the issue of rescinding the state court order on attorney fees, that request appears to be founded on a misunderstanding of this Court's order denying Defendant Copeland's request for attorney fees. Dkt. No. 33. The order from this Court concerned a request for attorney fees in Plaintiffs' federal matters <u>only</u>; the order had no application to any attorney fees (or attorney fee requests) generated by the state court proceedings. It is apparent from the exhibits submitted by Plaintiffs that they have been ordered to pay separate attorney

fees arising out of the state court actions. That order is entirely distinct from this Court's order concerning the federal proceedings, and this Court will make no ruling regarding the state court's attorney fees order.

**Conclusion**

Plaintiffs have failed to satisfy the foundational requirements for a TRO, and certainly have not met the higher burden of proof applicable to requests for mandatory injunctive relief. Their *ex parte* application for this extraordinary equitable relief is therefore DENIED.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated December 31, 2019.

Marsha J. Pechman
United States Senior District Judge