|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JAYAKRISHNAN K. NAIR, et al., | CASE NO. C19-1296 MJP |
|---|---|
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| CHANNA COPELAND, et al., | |
| Defendants. | |

On December 31, 2019, this Court entered an Order Denying Motion for *Ex Parte* Temporary Restraining Order. (Dkt. No. 46.) Plaintiffs have filed a Motion for Reconsideration (Dkt. No. 49); the Court has reviewed the motion and relevant portions of the record, and rules as follows:

IT IS ORDERED that the motion is DENIED.

Motions for reconsideration are disfavored. The Court will ordinarily
deny such motions in the absence of a showing of manifest error in the
prior ruling or a showing of new facts or legal authority which could not
have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h)(1). Plaintiffs' motion lacks both a showing of manifest error on the part of the Court and the introduction of new evidence or law which could not have reasonably been provided earlier.

Plaintiffs seek to change the nature of their requested relief, purportedly from "mandatory" to "prohibitive" relief. First, they may not request reconsideration by changing the nature of their request; the Court ruled on their original motion and that ruling is all that may be reconsidered. Second, the "amended" relief requested (that Harborview and DSHS be prohibited from preventing visitation by any of the Plaintiffs) is not "prohibitive" relief – it would constitute an order that the authorities ignore existing state court orders and act in contravention of those orders. Lastly, Plaintiffs continue to ignore (as they have throughout this case) this Court's rulings regarding the impropriety of a federal court intervening in the guardianship (and associated procedures) put in place through operations of the state court acting in accordance with state law. Plaintiffs have demonstrated no "manifest error" in this regard; the Court will not reconsider its ruling.

Plaintiffs also seek reconsideration of this Court's refusal to overturn state court orders assessing attorney fees against them, arguing (for the first time) that the state court somehow incorporated the attorney fees generated by the federal court proceedings into its ruling. Plaintiffs did not make this argument in their initial motion, and they present no evidence as to why it could not have been made earlier; it will not be entertained now.

Having failed to satisfy any of the criteria for reconsideration, Plaintiffs' motion will be DENIED.

1 | The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated January 6, 2020.

Marsha J. Pechman
United States Senior District Judge