UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKRISHNAN K NAIR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHANNA COPELAND, et al., <br><br> Defendants. | CASE NO. C19-1296 MJP <br><br> ORDER <br> (1) DENYING EMERGENCY MOTION AND *EX PARTE* TRO APPLICATION <br> (2) INSTITUTING A MORATORIUM ON PLAINTIFFS' MOTIONS |

On January 13, 2020, the Plaintiffs (one week after a similar motion was denied) filed an Emergency Motion and Ex Parte TRO Application (Dkt. No. 59) seeking a prohibition against taking Omana Thankamma (invalid mother of Plaintiff Jayakrishnan Nair) off life support and an order that "all decisions regarding [Omana's] medical care, until she leaves USA, shall rest solely with local liaison Mr. Suresh Muthuswamy alone." Id. at 22. The "emergency," and the basis for the renewed request, is Plaintiffs' claim that "Guardian and Harborview want to save costs of [Omana's] ICU admission by pulling her from life support to murder her." Id. at 1.

***Ex Parte* Application for TRO**

The Court considers four factors in examining Plaintiffs' request for a TRO: (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) the balance of equities, and (4) the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

The Court will not reiterate here the grounds asserted in multiple prior orders for its lack of authority to intervene in a state proceeding which Plaintiffs have yet to prove requires federal involvement. Those grounds still exist and constitute reason enough to again deny Plaintiffs' request.

For purposes of the current motion, suffice it to say that Plaintiffs have failed to meet the first requirement for equitable relief in federal court; namely, establishing a likelihood of success on the merits of their claim. Their allegation is that Ms. Thankamma is in imminent danger of being removed from life support. Nowhere in their 93 pages of supporting exhibits do Plaintiffs produce a single piece of evidence that anyone is planning to do what they claim Harborview and the Guardian are plotting to do. In the absence of any proof, their success of likelihood on the merits of their claim is zero. On that basis, the Court DENIES their application for an *ex parte* TRO.

**Moratorium on Plaintiffs' motion practice**

The motion denied by this order represents Plaintiffs' fourth *ex parte* application for a TRO and (including their unsuccessful "Motion to Terminate Guardianship;" Dkt. No. 8) their fifth non-meritorious request for relief from this Court. Responding to Plaintiffs' attempts to involve the federal courts in their state court proceedings has required the expenditure of considerable judicial resources for what has essentially become a revolving door of repetitious requests and unheeded denials.

Until further notice, Plaintiffs are prohibited from filing further motions in this matter. They are, of course, free to respond to any motions filed by Defendants and must respond to any orders of this Court accordingly, but they may not initiate any motions in the above-entitled litigation until notified by the Court that they may do so.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated January 17, 2020.

Marsha J. Pechman
United States Senior District Judge