UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHANNA COPELAND, et al.,<br><br>Defendants. | CASE NO. C19-1296 MJP<br><br>ORDER<br>1. DENYING MOTION FOR EXTENSION OF TIME<br>2. DENYING EMERGENCY MOTION FOR RELIEF<br>3. GRANTING MOTIONS TO DISMISS<br>4. LIFTING STAY ON PREPARATION OF JOINT STATUS REPORT |

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion for Extension of Time to File Responses (Dkt. No. 84), and Defendant Channa Copeland's Response in Opposition (Dkt. No. 85);

2. Plaintiffs' Motion for Emergency Relief (Dkt. No. 86);

3. Defendant City of Snoqualmie Motion to Dismiss (Dkt. No. 76);

4. Defendant Channa Copeland Motion to Dismiss (Dkt. No. 78);

5. Defendant John Doe #1 a/k/a "Roger" Motion to Dismiss (Dkt. No. 80);

ORDER - 1

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that Plaintiffs' Motions for Emergency Relief and for Extension of Time are DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss of Defendants City of Snoqualmie, Channa Copeland, and John Doe # 1 (a/k/a "Roger") are GRANTED.

IT IS FURTHER ORDERED that the Plaintiffs have until **April 2, 2020**, to effect service upon Defendant Ramsey; if he has not been served by that time, he will be dismissed.

IT IS FURTHER ORDERED that the stay previously imposed on the filing of a Joint Status Report is LIFTED; the remaining parties will meet and confer and submit a Joint Status Report to the Court by no later than **April 17, 2020**.

**Discussion**

Plaintiffs' Motions

On January 17, 2020, this Court entered (in the wake of five non-meritorious motions filed by Plaintiffs) the following order:

> Until further notice, Plaintiffs are prohibited from filing further motions in this matter. They are, of course, free to respond to any motions filed by Defendants and must respond to any orders of this Court accordingly, but they may not initiate any motions in the above-entitled litigation until notified by the Court that they may do so.

Dkt. No. 69, Order at 3.

Despite that order, Plaintiffs have filed two motions since that date: a Motion for Extension of Time seeking relief from the responsive pleading deadline for the multitude of motions to dismiss filed by Defendants and yet another Motion for Emergency Relief seeking a variety of relief from the state court proceedings to which they (and the mother of Plaintiff Jayakrishnan Nair) are currently subject. Dkt. Nos. 84 and 86.

The motions are denied, both as violations of the Court's prior order prohibiting further motions practice initiated by Plaintiffs and because they are non-meritorious. The Motion for Extension of Time was premised on the imminent hiring of counsel; in the two weeks since the filing of the motion, no attorney has appeared for these *pro se* parties nor has a declaration been filed indicating such appearance is in fact imminent. The Motion for Emergency Relief suffers from all the defects present in the previous four such motions. The Court will not reiterate them here.

Motions to Dismiss

Without exception, Plaintiffs have failed to respond to any of the motions to dismiss filed by the multiple Defendants in this matter. Under Local Rules W.D. Wash. 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Beyond the judicial effect of Plaintiffs' admission, the Court is satisfied that all the motions to dismiss in this matter are meritorious. For the record, the Court recites the grounds for dismissal for each of the moving parties:

*For Defendant City of Snoqualmie*:

1. Failure to comply with federal pleading requirements. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

2. Failure to serve a claim for damages, as required by RCW 4.96.020(4).

3. Failure to properly plead a § 1983 claim against a municipal entity. Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1232–33 (9th Cir.2011).

4. The lawsuit is barred by both qualified and prosecutorial immunity.

*For Defendant Channa Copeland:*

1. Lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

2. Lack of subject matter jurisdiction pursuant to the Younger abstention doctrine.

3. Lack of subject matter jurisdiction under 28 U.S.C. §§ 1331-1332.

*For Defendant John Doe #1 (a/k/a "Roger")*

1. Pursuant to FRCP 12(b)(1), dismissal is mandated where the alleged claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v Citizens for a Better Environment, 523 U.S. 83, 83 (1998).

2. Failure to establish, as required for a § 1983 claim, that the Defendant is a governmental actor or that his conduct constituted state action.

3. Failure to plead a cognizable federal claim against the Defendant.

The Court has determined that these dismissals, along with the dismissals previously entered regarding the other Defendants (*see* Dkt. Nos. 79 and 82), will be with prejudice – Plaintiffs will not be given an opportunity to amend their complaint. Dismissal with prejudice is appropriate and permissible where the deficiencies in the pleading are so severe that they cannot be remedied. United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). That is unquestionably the case here.

Unserved Defendant and Filing of JSR

By the Court's reckoning, there are three Defendants remaining in this matter: John Doe #2 (a/k/a "Tedlaw"), Molina Healthcare, Inc., and Dr. Ramsey. Regarding the latter: The Court granted Plaintiffs permission to add Dr. Ramsey as a defendant in this matter on January 2, 2020 (Dkt. No. 48). He remains unserved in this litigation. Plaintiffs will be given the 90 days allotted under FRCP 4(m) to effect service; if Defendant Ramsey is unserved by April 2, 2020, he will be dismissed *sua sponte*.

Regarding the remaining Defendants: On January 27, 2020, the Court stayed the requirement to file a Joint Status Report or observe any of the other FRCP 26 deadlines in favor of giving

Defendants an opportunity to terminate their involvement in this lawsuit by way of motions to dismiss. Dkt. No. 71. Nearly 60 days have elapsed since that order and many of the Defendants have availed themselves of that opportunity, but the Court can delay the onward progress of the litigation no longer.

The stay previously imposed is lifted and the parties are ordered to meet and confer in accordance with the previously-entered orders regarding FRCP 26 and the preparation of a Joint Status Report. The Joint Status Report must be filed no later than **April 17, 2020.** Failure to timely file the JSR may result in sanctions, up to and including dismissal of the remainder of this action.

Lest there be any confusion, the moratorium against Plaintiffs initiating further motions practice remains in place – Plaintiffs may participate in the preparation of a Joint Status Report and may respond to any motions filed by Defendants, but may not initiate any motions until further notice.

The clerk is ordered to provide copies of this order to Plaintiffs, *pro se* Defendant John Doe # 2 (a/k/a "Tedlaw"), and to all counsel.

Dated March 24, 2020.

Marsha J. Pechman
United States Senior District Judge