UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, et al., | CASE NO. C19-1296 MJP |
| Plaintiffs, | ORDER DISMISSING DEFENDANT RAMSEY |
| v. | |
| CHANNA COPELAND, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed Defendant Paul Ramsey, MD's Rule 12(b) Motion to Dismiss (Dkt. No. 96), all attached declarations and exhibits, and relevant portions of the record[1], rules as follows:

IT IS ORDERED that the complaint against Defendant Paul Ramsey, MD is DISMISSED with prejudice on the following grounds:

---

[1] Plaintiffs filed no opposition to this motion, invoking the effects of Local Rule 7(b)(2): "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

ORDER DISMISSING DEFENDANT RAMSEY - 1

1. <u>Lack of personal jurisdiction</u>: Plaintiffs have failed to establish that Dr. Ramsey has been properly served in compliance with FRCP 4(m).

2. <u>Failure to state a cognizable claim</u>: Dr. Ramsey is sued in his (alleged) capacity as CEO of Harborview Medical Center.[2] Harborview has been dismissed from this litigation (Dkt. No. 82); even assuming the allegations about Dr. Ramsey's position vis-a-vis Harborview to be correct, there are no grounds for holding the agent of a dismissed defendant liable for actions undertaken pursuant to the agency relationship.

3. <u>Lack of subject matter jurisdiction</u>: Plaintiffs' claims represent a collateral attack on a state court proceeding and are barred by the <u>Rooker-Feldman</u> doctrine, which "precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." <u>Bianchi v. Rylaarsdam</u>, 3343 F.3d 895, 900 (9th Cir. 2003).

4. <u>Younger</u> abstention: The state court proceedings which are the subject of Plaintiffs' collateral attack here are ongoing, and district courts "should abstain under <u>Younger</u> when (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with adequate opportunity to raise federal claims." <u>Meredith v. Oregon</u>, 321 F.3d 807, 816 (9th Cir. 2003); *see also* <u>Younger v. Harris</u>, 401 U.S. 57, 45-46 (1971).

---

[2] In fact, Dr. Ramsey asserts that he is the CEO of Medicine for the University of Washington (*see* https://www.uwmedicine.org/about/leadership), not the CEO of Harborview Medical Center.

1        5. <u>No diversity jurisdiction</u>: Plaintiffs claim diversity jurisdiction under 28 U.S.C. § 1332, but qualification under § 1332 requires "complete diversity;" "district courts shall not have original jurisdiction… of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).  By his own admission, Plaintiff Jayakrishnan Nair is a permanent resident of Washington, therefore there is not complete diversity between the parties.

       The Court finds that there is no set of facts which Plaintiffs could allege which would cure the defects cited above.  On that basis, the dismissal of Defendant Ramsey will be with prejudice.

       The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated May 5, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DISMISSING DEFENDANT RAMSEY - 3