UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHANNA COPELAND, et al.,<br><br>Defendants. | Case No.: 19-cv-01296-MJP<br><br>**ORDER AND JUDGMENT AWARDING DEFENDANT CHANNA COPELAND ATTORNEY FEES AND COSTS** |

## I.  SUMMARY OF JUDGMENT

1. The name of the Judgment Creditor in this Judgment is Channa Copeland, the Full Guardian of the Person and Estate of Omana Thankamma.

2. Saphronia R. Young of Regeimbal, McDonald & Young, PLLC is the attorney for the Judgment Creditor, Channa Copeland, the Full Guardian of the Person and Estate of Omana Thankamma.

3. The names of the Judgment Debtors in this Judgment are Jayakrishnan K. Nair, Rajakumari Susheelkumar, and Sukanya Susheel, individually and in their marital community interests.

4. The Plaintiffs and Judgment Debtors, Jayakrishnan K. Nair, Rajakumari Susheelkumar, and Sukanya Susheel, were *pro se* in this matter.

5. The principal judgment amount is $24,476.76.
6. The principal judgment amount shall bear interest at 12% per annum from the date hereof until paid in full.

## II.  ORDER AND JUDGMENT

THIS MATTER having come on regularly before the undersigned Judge upon Defendant Channa Copeland's Renewed and Amended Motion for Attorney's Fees and Costs, and the Court, having entered its findings, which are incorporated herein, in favor of the Defendant Channa Copeland, Full Guardian of the Person and Estate of Omana Thankamma, and having considered the records and files herein and all submissions in support of and in opposition to the Motion[1], and for good cause having been shown and the Court being otherwise fully informed, enters as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. All notices required by law have been provided.
2. This litigation commenced in August 2019 with the filing of a TRO (Dkt. No. 1), which was summarily denied because no service had been effected on Defendants. Dkt. No. 5. As soon as Defendants had been served, Plaintiffs filed another TRO (Dkt. No. 11), without conferring with Defendants as they had been ordered; it too was summarily denied. Dkt. No. 16.  When Plaintiffs filed, in rapid succession, a petition to terminate a state proceeding and motions for sanctions for actions taking place in state proceedings (Dkt. Nos. 8 and 22), the Court was forced to issue a stay on further motions practice until the Court could rule on the motions pending at that time and address its serious

---

[1] Plaintiffs filed no opposition to this motion, invoking the effects of Local Rule 7(b)(2): "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

concerns concerning jurisdiction in light of Plaintiffs' ongoing state court proceedings, their lack of standing to represent the ageing mother who had been appointed a Guardian (Defendant Copeland), and the apparent lack of diversity jurisdiction.  Dkt. No. 23.

3. Plaintiffs filed a third *ex parte* TRO request (Dkt. No. 40), which was denied (as was the motion for reconsideration which followed the denial).  Dkt. Nos. 46, 50.  One week after that denial, Plaintiffs filed a fourth *ex parte* application for a TRO, this time alleging (with no factual support) that some of the Defendants were attempting to "murder" their mother.  Dkt. No. 59.   That motion was not only denied, but the Court reinstituted the moratorium on Plaintiffs' motion practice, citing "the expenditure of considerable judicial resources for what has essentially become a revolving door of repetitious requests and unheeded denials."  Dkt. No. 69.

4. Beginning in February 2020, Defendants (including Defendant Copeland) commenced filing motions to dismiss.  *See* Dkt. Nos. 74, 76, 78, and 80.  Without exception, Plaintiffs failed to respond to these motions, and all were granted.  Dkt. Nos. 82, 93.  Plaintiffs did, however, continue to file other motions, including a fifth "Motion for Emergency Relief." *See* Dkt. Nos, 84, 86.  Citing the moratorium on their motions practice and lack of substantive merit, those motions were denied.  Dkt. No. 93.

5. This litigation has been characterized by Plaintiffs' ongoing refusal to withdraw from non-meritorious positions, refusal to interact with the opposing parties in a cooperative and productive fashion, and refusal to abide by the orders of this Court.  Regarding Defendant Copeland, the Court finds that the Plaintiffs, Jayakrishnan K. Nair, Rajakumari Susheelkumar, and Sukanya Susheel, did not bring claims against her, the

Full Guardian of the Person and Estate of Omana Thankamma ("Defendant Copeland"), in good faith or upon reasonable basis.

6. Plaintiffs' claims against Defendant Copeland were frivolous, vexatious, and unreasonable in nature. They were not well-grounded in existing law. Plaintiffs' conduct was characterized by a series of non-meritorious motions, failure to abide by the orders of this Court, and a litigation strategy which has prolonged and vexatiously multiplied these proceedings. This conduct can only be described as intransigent, intended to unduly harass or burden Defendant Copeland and Guardianship Estate of Omana Thankamma.

7. This Court has the authority to order payment of just fees and costs in favor of Defendant Copeland under the bad faith exception to the American rule. "[I]t is unquestioned that a federal court may award counsel fees to a successful party when [her] opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Hall v. Cole, 412 U.S. 1, 4-5 (1973)(citations omitted).

8. As this matter was dismissed for lack of jurisdiction, 28 U.S.C. § 1919 provides this Court with authority to assess costs against Plaintiffs.

9. Given Plaintiffs' conduct in this case, (multiple non-meritorious motions, inflammatory and unsupported allegations against Defendant Copeland, defiance of the Court's orders, and failure to heed this Court's repeated warnings that this case lacked jurisdiction or legal merit),  28 U.S.C. § 1927 provides this Court with authority to assess fees and costs against Plaintiffs, as their conduct caused the proceedings to be unnecessarily and vexatiously multiplied in this matter.

10. Defendant Copeland is the prevailing party.

11. Defendant Copeland has incurred attorney's fees and costs in the amount of $24,476.76 related to this proceeding. The Guardianship Estate of Omana Thankamma has insufficient resources to satisfy the fees.

12. The fees and costs requested by Defendant Copeland in the amount of $24,476.76 were reasonable and necessary.

    a. The attorney's fees and costs incurred by Regeimbal, McDonald & Young, PLLC in the amount of $24,476.76 are reasonable and to the benefit of Defendant Copeland and the Guardianship Estate of Omana Thankamma considering: (i) the novelty and difficulty of questions involved, (ii) the time and labor required/spent, and (iii) the skill required to perform the legal services provided.

    b. The hours claimed by Regeimbal, McDonald & Young, PLLC are not excessive, nor do they represent duplication of effort.

    c. The hourly rates of Regeimbal, McDonald & Young, PLLC are in line with the prevailing market rates in the community for attorneys of similar skill and experience, and for the level of skill required for the issues addressed in the litigation.

13. In light of the lack of merit of Plaintiffs' claims, their vexatious litigation tactics, and the excessive and unwarranted multiplication of these proceedings by Plaintiffs, it is inequitable for Defendant Copeland or the Guardianship Estate to pay for fees and costs related to this proceeding.

14. This Court has the authority (under 28 U.S.C. § 1919, 28 U.S.C. § 1927, and the bad faith exception to the American rule) to order payment of Defendant Copeland's attorney fees and costs by the Plaintiffs.

Based on the above Findings of Fact and Conclusions of Law, **IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

Attorney's fees and costs incurred by Defendant Channa Copeland, the Full Guardian of the Person and Full Guardian of the Estate of Omana Thankamma, in the amount of $24,476.76 for services through the date of this Order are awarded against the Plaintiffs, Jayakrishnan K. Nair, Rajakumari Susheelkumar, and Sukanya Susheel, jointly, severally, personally and in their marital community interests. This Judgment shall bear interest at 12% per annum until paid in full.

DATED this __5th__ day of _May_, 2020.

_____
Marsha J. Pechman
United States Senior District Judge