UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAYAKRISHNAN K. NAIR, et al.,

Plaintiffs,

v.

CHANNA COPELAND, et al.,

Defendants.

CASE NO. C19-1296 MJP

ORDER ON MOTION TO DISMISS DEFENDANT JOHN DOE #2 A/K/A "TEDLAW" AND DISMISSAL OF LAWSUIT

The above-entitled Court, having received and reviewed the Motion to Dismiss Defendant John Doe #2 a/k/a "Tedlaw" (Dkt. No. 117), all attached declarations and exhibits, and relevant portions of the record,[1] rules as follows:

IT IS ORDERED that the motion is GRANTED; this matter will be dismissed with prejudice as to Defendant John Doe #2, a/k/a "Tedlaw."

[1] Plaintiffs filed no opposition to this motion, invoking the effects of Local Rule 7(b)(2): "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

IT IS FURTHER ORDERED, there being no defendants remaining in this case, that the entire matter is DISMISSED with prejudice.

Although by operation of the Local Rules Plaintiffs have conceded the merit of this defendant's motion by their failure to file a responsive brief, the Court nevertheless articulates the following grounds for ordering dismissal:

1. Lack of subject matter jurisdiction: None of the claims articulated against Defendant Doe #2 arise under federal law, as required by 28 U.S.C. § 1331. Furthermore, Plaintiffs have failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff Jayakrishnan Nair is a resident of the State of Washington, as is Defendant Doe #2; nor do Plaintiffs allege damages which exceed $75,000 as regards this Defendant. In view of the fact that all other Defendants to this action have been dismissed, there are not even any related federal claims to which Plaintiffs might assert supplemental jurisdiction for the non-federal claims against Defendant Doe #2.
2. Failure to state a claim (FRCP 12(b)(6): Plaintiffs articulate no cognizable legal theory linking the allegations against Defendant Doe #2 to any other valid claim. "Dismissal under Rule 12(b)(6) is appropriate. . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Hartmann v. Calif. Dept. of Corr. and Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).

It is the further finding of this Court that the deficiencies noted above are so severe that Plaintiffs can articulate no set of facts which would cure them. Accordingly, this Court will

order the case against Defendant Doe #2 dismissed with prejudice. United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

Defendant Doe #2 was the last remaining Defendant in this action. With his dismissal, therefore, this action can no longer be maintained. The Court orders this litigation dismissed in its entirety, and judgment will enter finally terminating the lawsuit as a whole.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated June 5, 2020.

Marsha J. Pechman
United States Senior District Judge